**SAUSE et al. v. UNITED STATES et al.**
**THE CHAHAUNTA.**
Civ. No. 6158.

United States District Court
D. Oregon.
May 7, 1952.

Thomas J. White and William F. White, Portland, Or., for libelants.

Victor E. Harr, Asst. U. S. Atty., Portland, Or., Keith R. Ferguson, Sp. Asst. to Atty. Gen., and Henry L. Hess, U. S. Atty., Portland, Or., for respondents.

SOLOMON, District Judge.

### Findings of Fact

#### I

That libelants Henry Sause and Curtis Sause are now and were on the first day of August, 1951, copartners doing business under the name and style of Sause Towing Co. and that each of said libelants is a resident of the State of Oregon.

#### II

That on August 1, 1951 the Tug Chahaunta of 400 horsepower costing, in 1948, $12,500 and valued by the libelants as of August 1, 1951, at $100,000, is now and was on August 1, 1951 solely owned and operated by the libelants.

#### III

That the S. S. Owen Wister is now and was on August 1, 1951 and at all times material herein, a liberty ship owned and operated by the United States of America and of a value of $800,000.

#### IV

That on August 1, 1951 the S. S. Owen Wister fully laden with a cargo of wheat

which was owned by the Government of India, with Captain Marquart, a Columbia River Bar pilot at the conn, in proceeding past Buoy #10 outbound from the Port of Oregon over the Columbia River Bar for Asiatic ports, developed engine trouble consisting of hot journals, and the pilot and the Master agreeing with the engineer, that the engines of said vessel could be reduced to thirty to thirty-five revolutions, the vessel with said reduction of speed on its engines, proceeded to an anchorage and anchored approximately one-half mile southwest of Buoy #2.

### V

After anchoring said vessel and after consultation between the Chief Engineer, the pilot and the Master, it was decided by them to return to the Port of Astoria to expedite the repair of said engines and the continuance of said voyage and as a matter of safety to have a tug stand by and assist while the vessel was going over the Columbia River Bar.

### VI

The S. S. Owen Wister requested Captain Lebeck, Master of the pilot boat Peacock, to obtain a tug to stand by and assist while the S. S. Owen Wister was going over the Columbia River Bar. Captain Lebeck, ascertaining that there was no tug available at Astoria except the Tug Chahaunta, informed Captain Marquart, the pilot aboard the S. S. Owen Wister, and it was decided by Captain Marquart and the Master of the S. S. Owen Wister, that in view of the availability of half speed on the engines of the vessel, to have the Tug Chahaunta come down to stand by and assist in going over the Bar and Captain Lebeck under instructions, made arrangements therefor.

### VII

. The S. S. Owen Wister was anchored near Buoy #2 at a safe anchorage, visibility was limited with slight variable winds, the vessel was in no danger of peril, the repairs to the engines of the vessel could have been made at the anchorage, or the vessel could have put to sea in case of bad weather, and there made such repairs.

### VIII

The Tug Chahaunta left Astoria at 6:50 P.M. on August 1, 1951 and arrived at the anchorage of the S. S. Owen Wister a little after 8:00 P.M. and without any danger or peril to the Tug Chahaunta, her Master or crew, placed a towline aboard the S. S. Owen Wister and with the vessel giving half speed on her engines, proceeded over the Bar and when near Buoy #10, the towline was dropped and the S. S. Owen Wister proceeded without assistance up to the time she arrived at her dock at which time the Tug Chahaunta gave assistance in docking the vessel, finishing her services to the S. S. Owen Wister at 12:00 P.M. The total time in which the Tug Chahaunta was engaged in such services, from the time of leaving Astoria until she had finished with the S. S. Owen Wister, was five hours and ten minutes.

### IX

The distance from the place of anchorage of the S. S. Owen Wister near Buoy #2 to the dock at Astoria, is fourteen miles, the distance from said anchorage near Buoy #2 to where the towline was dropped, was approximately eight miles and the distance from where the towline was dropped to the dock, was approximately six miles.

### X

There was no difficulty in maneuvering the S. S. Owen Wister at any time which is demonstrated by the fact that for the six miles from where the towline was dropped to the dock, the vessel proceeded without assistance and no call was made upon the Tug Chahaunta to give any aid.

### XI

There was no written or oral agreement entered into between the parties with respect to the amount which should be chargeable and/or paid for the services of the Tug Chahaunta.

### XII

That the services required, contemplated and rendered by the Tug Chahaunta, were towage services and were not salvage services.

## XIII

That the towage services in the contemplation of the parties were extraordinary in that the rendition thereof interfered with the regular business of the libelants and both parties contemplated that remuneration for such services would be something more than regular towage.

## XIV

That the rate of towage for tugs of the size and horsepower of the Chahaunta on August 1, 1951, was $27.50 per hour or $137.50 for five hours service. That on August 1, 1951, the Tug Chahaunta was engaged under a towing contract by which libelants received $2,500 for each thirty-six hours of towing service, amounting to approximately $70 per hour, or $350 for five hours service.

## XV

That the sum of $750 amounting to more than double the amount of the towage rate received by libelants is the fair and reasonable value of the services rendered by the Tug Chahaunta to the S. S. Owen Wister on August 1, 1951.

From the foregoing Findings of Fact, the Court makes its:

## Conclusions of Law

### I

That the services rendered by the Tug Chahaunta to the S. S. Owen Wister were towage and not salvage services.

### II

That the libelants, Henry Sause and Curtis Sause, copartners doing business under the name and style of Sause Towing Co., are entitled to recover from respondent, United States of America, for the services rendered by the Tug Chahaunta to the S. S. Owen Wister, on August 1, 1951, the sum of $750 without interest, each party paying his own costs. That the services rendered being towage services, the Master and members of the crew of the Tug Chahaunta are not entitled to recover herein.

It is therefore ordered that a decree be entered in favor of libelants Henry Sause and Curtis Sause and against the respondent, United States of America, for the sum of $750 without interest, each party paying his own costs.